# JOHN M. REYNOLDS

## *v.*

# JOSEPH M. GREENBAUM.

1. DELIVERY—*what is, of a lease.* Leaving a written lease, when signed, with the scrivener who prepared it, for the benefit of both parties, and that a copy may be made for the lessee, is a sufficient delivery to make it binding.

2. WITNESS—*instruction as to credibility.* An instruction that the jury *should* disregard the evidence of a witness, if they believed he had wilfully sworn falsely to a material fact in the case, unless corroborated, is faulty. It is the privilege of the jury to disregard the testimony of such a witness.

3. PRACTICE IN SUPREME COURT—*error will not always reverse.* The giving of a faulty instruction, especially as an abstract proposition, will afford no ground of reversal, where it is apparent it could not have prejudiced the party complaining.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

This was an action of forcible detainer, brought by Greenbaum, against Reynolds, for the recovery of demised premises, on the ground that the term was forfeited by the non-payment of rent. The plaintiff recovered in the court below.

Messrs. KNOWLTON & HUMPHREYVILLE, for the plaintiff in error.

Mr. ADOLPH MOSES, for the defendant in error.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the Court:

The evidence contained in the record is sufficient to justify the finding that defendant was in possession of the demised premises, under the written lease executed by the parties. When signed, it was left with the scrivener who had prepared it, for the benefit of both parties, and that a copy might be made for defendant. That was a sufficient delivery.

Whether defendant was in possession of the premises as a tenant under the lease in evidence, or as vendee under a verbal

contract of purchase made with plaintiff after the lease had been made, was a question of fact, which the jury have found against the theory of purchase insisted upon by defendant. After a careful consideration of the evidence, we are entirely satisfied with the verdict in that regard, and no reason whatever appears for setting it aside.

Having examined with care the instructions given, we are unable to discover any error in them worthy of notice, except in the fifth of the series given on behalf of plaintiff. That instruction, so far as it directed the jury *should* disregard the evidence of a witness who they might believe had wilfully sworn falsely to a material fact in the case, unless corroborated, was faulty. It was the privilege of the jury to disregard the testimony of such a witness, but the court could not, with propriety, direct, as a matter of law, that they *should* disbelieve it. But we can not think defendant was in any degree prejudiced by the charge of the court. The evidence was conflicting, and the direction given had no more application to the testimony of the witness for defendant than for plaintiff. In fact, the instruction had no just application to the testimony of the witnesses of either party. Being the assertion of what was supposed to be a mere abstract principle of law, it is not perceived how it is possible, under the evidence, it could in the slightest degree have prejudiced the cause of defendant.

Considered together, the instructions presented the case fairly to the jury for both parties. The modifications of defendant's instructions were consistent with the theory upon which the cause seems to have been tried, and which, in our opinion was correct.

The judgment will be affirmed.

*Judgment affirmed.*