Syllabus.

CITY OF BLOOMINGTON

v.

L. A. CHAMBERLAIN.

*Filed at Springfield September 28, 1882.*

1. NEGLIGENCE—*injury from defective sidewalk—of the degree of care required of the plaintiff.* The degree of care which the law requires a plaintiff to exercise while passing over a sidewalk, to entitle him to recover for an injury received from its defective condition, is ordinary care, under all the circumstances of the case. Knowledge of the condition of the walk is one of the circumstances to be considered in determining whether the plaintiff exercised ordinary care.

2. It can not be laid down as a legal proposition that a person traveling on the sidewalk of a city is bound to go out into the street and pass around the walk, although he knows it to be defective, especially when the defect is merely loose boards, and the walk is not palpably dangerous.

3. In an action against a city to recover for an injury caused by loose boards in the sidewalk, an instruction that the law required the plaintiff to show that at the time she sustained the injury she was exercising ordinary care and caution, and that if by the exercise of such care and caution she would have avoided the danger, the verdict should be for the defendant, states the law sufficiently favorable for the defendant, and removes any just cause of complaint in refusing an instruction that if the plaintiff knew of the defective condition of the walk, it was her duty to exercise a high degree of care while passing over it, and also another, that if she could have gone out into the street and around the defective sidewalk, and her failure to do so showed a want of ordinary care on her part, the jury should find for the defendant.

4. PLEADING AND EVIDENCE—*proof of business or occupation of one seeking to recover for personal injury resulting from negligence—under what averments as to special damage.* In an action to recover damages sustained from a personal injury, resulting from the alleged negligence of the defendant, one count of the declaration alleged that plaintiff was hindered from transacting her business and affairs, and deprived of large gains and profits which she otherwise would have earned, and in another count, that the injuries received had a permanent effect upon her personal bodily strength and ability to make a living, and that she had been rendered unable to earn or make for herself a living, and had been deprived of large gains and profits which she otherwise would have earned: *Held,* that under these averments it was admissible for the plaintiff to show what was her business, and that she had been disabled from pursuing it by reason of her injuries.

5. EVIDENCE—*concerning such business, and the profits arising from it.*
In such case, the court permitted the plaintiff to testify that she had taught
school at $50 per month, and that at the time of receiving the injury she and
another lady were making arrangements to teach a select school, but on
account of the injury she was compelled to give it up. She had already
testified, without objection, that she had followed the business of teaching
school, and that she did not suppose she could prosecute that business:
*Held,* that the only objection to this was the witness stating what she had
received, instead of what was the usual compensation for school teaching,
and that that was sufficiently removed by the remark of plaintiff's counsel,
"If he objects, strike it out," made on objection to her stating what she
received. Such evidence went to show no more than an actual interruption
of the business of school teaching. Had it gone to show the loss of the
profits of a particular engagement to teach, another question would have
been presented.

APPEAL from the Appellate Court for the Third District;—
heard in that court on appeal from the Circuit Court of
McLean county; the Hon. OWEN T. REEVES, Judge, presiding.

This was an action on the case, brought by appellee, in
the circuit court, against the city of Bloomington, for the
recovery of damages for personal injuries occasioned, as it is
alleged, by the negligence of the city in permitting a defec-
tive sidewalk to remain out of repair. A trial resulted in a
judgment for the plaintiff, which, upon appeal, was affirmed
in the Appellate Court. The defendant thereupon appealed
to this court.

Messrs. KERRICK, LUCAS & SPENCER, for the appellant:

The burden of proof was on appellee to show, by the evi-
dence, that the accident was not caused by a want of ordinary
care on the part of her son, under whose care she had placed
herself to take her home. *City of Joliet* v. *Seward,* 86 Ill.
406; Wharton on Negligence, sec. 134.

If the appellee knew of the defect before going on the walk,
then it was her duty to have used a high degree of care to
avoid the defect. *Macomb* v. *Smithers,* 6 Bradw. 473; *Cen-
tralia* v. *Krouse,* 64 Ill. 19; *Lovenguth* v. *City of Bloomington,*
71 id. 238.

If appellee failed to use ordinary care, she can not recover. *President, etc.* v. *Carter*, 2 Bradw. 34; *Chicago City Ry. Co.* v. *Lewis*, 5 id. 242; *City of Chicago* v. *Watson*, 6 id. 344; *City of Macomb* v. *Smithers*, 6 id. 470; *Aurora* v. *Pulfir*, 56 Ill. 270; *Chicago and Alton R. R. Co.* v. *Becker*, 76 id. 30; *Illinois Central R. R. Co.* v. *Hetherington*, 83 id. 510; *Chicago and Northwestern R. R. Co.* v. *Scates*, 90 id. 588.

Loss of position, and profits that would arise therefrom, are not the proximate results of the injury complained of. *Sherman* v. *Dutch*, 16 Ill. 286; *Miles* v. *Weston*, 60 id. 361; *Chicago* v. *O'Brennan*, 65 id. 163; *Adams* v. *Gardner*, 78 id. 568; *Horne* v. *Sullivan*, 83 id. 30; *Chicago West Division Ry. Co.* v. *Klauber*, 9 Bradw. 615; *Tomlinson* v. *Derby*, 43 Conn. 562; *Taylor* v. *Monroe*, 43 id. 36; *Donnell* v. *Jones*, 13 Ala. 500; *Baldwin* v. *Western R. R. Co.* 4 Gray, 333.

Whenever the damages have not necessarily accrued from the act complained of, and consequently are not implied by law, then, in order to prevent the surprise on the defendant, which might otherwise ensue on the trial, the plaintiff must, in general, state the particular damages which he has sustained, otherwise he will not be permitted to give evidence of it. 1 Chitty's Pleading, 397; *Sherman* v. *Dutch*, 16 Ill. 289; *Olmstead* v. *Burke*, 25 id. 86; *Milo* v. *Weston*, 60 id. 361; *Chicago* v. *O'Brennan*, 65 id. 163; *Adams* v. *Gardner*, 78 id. 568; *Horne* v. *Sullivan*, 83 id. 30; *Chicago West Division Ry. Co.* v. *Klauber*, 9 Bradw. 615; *Tomlinson* v. *Derby*, 43 Conn. 562; *Taylor* v. *Monroe*, 43 id. 36; *Dunnell* v. *Jones*, 13 Ala. 500; *Baldwin* v. *Western R. R. Co.* 4 Gray, 333; *Dickinson* v. *Boyle*, 17 Pick. 79; *Warner* v. *Bacon*, 8 Gray, 379; *Brown* v. *Cumings*, 7 Allen, 508; *Furlong* v. *Polleys*, 30 Me. 491; *Buck* v. *Hursey*, 31 id. 559; *Herrick* v. *Lampham*, 10 Johns. 281; *De Forrest* v. *Leete*, 16 id. 122; *Butler* v. *Kent*, 19 id. 223; *Ryson* v. *Marsellis*, 1 Hare, (N. J.) 450; *Laing* v. *Colder et al.* 8 Pa. St. 479; *McDaniel* v. *Terrill*, 1 Nott & McC. 343; *Brown* v. *Gibson*, 1 id. 326; *Squire* v.

*Gould*, 14 Weak, 159; *Dumont* v. *Smith*, 4 Denio, 319; *Ashley* v. *Harrison*, 1 Esp. 47; *Browning* v. *Newman*, 1 Strange, 665; *Hartley* v. *Herring*, 8 T. R. 130; Odges on Libel and Slander, 317, 318.

Mr. John T. Lillard, for the appellee:

Instructions must be based on the evidence, and state the law correctly, which the refused instructions do not. *Alexander* v. *Town of Mt. Sterling*, 71 Ill. 368; *Smith* v. *Stevens*, 82 id. 554; *East St. Louis Packing and Provision Co.* v. *Hightower*, 92 id. 139; *Chicago, Burlington and Quincy R. R. Co.* v. *Dickson*, 88 id. 431; *Cushing* v. *Cogswell*, 86 id. 62; *Germania Fire Ins. Co.* v. *McKee*, 94 id. 494; *Bank of Montreal* v. *Page*, 98 id. 109; *Stratton* v. *Central City Horse Ry. Co.* 95 id. 25.

The court was not bound to repeat instructions. *Emory* v. *Hoyt*, 46 Ill. 263; *City of Bloomington* v. *Perdue*, 99 id. 329.

The fact that appellee did not go out into the street and around the defective walk, does not show such a want of care on her part as to preclude a recovery. *City of Aurora* v. *Hillman*, 90 Ill. 61.

Each count of the declaration is sufficiently special to admit proof of plaintiff's occupation and earnings, if such allegation is necessary. *Luck* v. *City of Ripon*, 52 Wis. 196; *Roberts* v. *Graham*, 6 Wall. 568; *Ward* v. *Smith*, 6 id. 578; *Ward* v. *Smith*, 11 Price, 19; *Briggs* v. *Dwight*, 17 Wend. 71; *Sherman* v. *Dutch*, 16 Ill. 283.

A judgment will not be reversed because the court below admitted improper evidence, if sufficient legal evidence appears in the record to sustain the verdict. *Hewitt* v. *Jones*, 72 Ill. 220; *Teutonia Life Ins. Co.* v. *Beck*, 74 id. 166; *Hudson* v. *Hodden*, 82 id. 265; *Vanbrunt* v. *Singley*, 85 id. 281; *Schultz* v. *Lepage*, 21 id. 160; *Boynton* v. *Phelps*, 52 id. 210; *Chicago and Northwestern Ry. Co.* v. *Taylor*, 69 id. 461.

An objection to evidence because it shows a special damage not set out in the declaration, can not be raised for the first

time in this court.   It must be shown that the same objection was distinctly submitted to the circuit court, for in the circuit court, if specially pointed out, it could be obviated by amendment of the declaration.   Rev. Stat. chap. 110, sec. 24, and chap. 7, sec. 1; *Indianapolis and St. Louis Ry. Co.* v. *Estes*, 96 Ill. 470; *City of Elgin* v. *Kimball*, 90 id. 356; *Driver* v. *Ford*, 90 id. 595; *Driggers* v. *Bell*, 94 id. 224; *Gillespie* v. *Smith*, 29 id. 473; *Swift* v. *Whitney*, 20 id. 144; *Sargeant* v. *Kellogg*, 5 Gilm. 273; *Stone* v. *Great Western Oil Co.* 41 Ill. 94; *Buntain* v. *Bailey*, 27 id. 409; *Peoria and Oquawka R. R. Co.* v. *Neill*, 16 id. 269; *King* v. *Chicago, Danville and Vincennes R. R. Co.* 98 id. 376; *Roberts* v. *Graham*, 6 Wall. 578.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

The errors assigned are in the refusal of instructions and the admission of evidence.   One of the refused instructions asked by defendant was, that if plaintiff knew of the defective condition of the sidewalk, it was her duty to exercise a high degree of care while passing over it.   The degree of care which the law required the plaintiff to exercise, was ordinary care, under all the circumstances of the case.   The plaintiff's knowledge as to the condition of the sidewalk, would be one of such circumstances to be considered by the jury in determining whether there had been the exercise of ordinary care.   The court did instruct the jury that the law required plaintiff to show that at the time she sustained the injury complained of she was exercising ordinary care and caution, and that if, by the exercise of such care and caution, she would have avoided the danger, they should find for the defendant.   We think the instruction given stated the law upon the subject sufficiently favorable for the defendant, and that there is no just ground of complaint in not giving the further instruction which was refused.

The tenth refused instruction told the jury, in substance, that the law required the plaintiff to go out into the street and pass around the walk, if she knew it was defective; and the eleventh, that if plaintiff could have gone out into the street and around the defective sidewalk, and if her failure to do so showed a want of ordinary care on her part, the jury should find for the defendant. Clearly, the tenth one could not be laid down as a legal proposition. (See *City of Aurora* v. *Hillman*, 90 Ill. 61.) All the law that there was embraced in the eleventh refused instruction was, that a want of ordinary care on plaintiff's part would preclude her from recovering, and the jury were so informed in an instruction which was given, as already stated. There could be no error in not repeating the instruction. The present case is quite unlike that of *City of Centralia* v. *Krouse*, 64 Ill. 19, where the sidewalk was in a palpably dangerous condition. The defect here was, that there were loose boards in the walk, and plaintiff was injured by the turning up of a loose board, which caused her to fall.

On the trial, against the objection of the defendant, the court permitted the plaintiff to testify that she had taught school at $50 per month; also, that at the time of receiving the injury complained of, she and another lady were making arrangements to teach a select school, but on account of the injury she was compelled to give it up. The admission of this evidence is complained of as error, as being evidence of special damages, which should not have been received under the general averment in the declaration. The witness stated, without objection, that she had followed the business of teaching school, and that she did not suppose that she could prosecute that business. The allegation in the declaration as to special damages in the above respect is, in the first count, that plaintiff was hindered from transacting her business and affairs, and deprived of large gains and profits which she otherwise would have earned; and in the second

count, that the injuries received had a permanent effect upon her personal bodily strength and ability to make a living, and that she had been rendered unable to earn or make for herself a living, and had been deprived of large gains and profits which she otherwise would have earned.   We think it was admissible, under these averments in the declaration, to show what was the business of the plaintiff, and that she had been disabled from pursuing it by reason of her injuries. The testimony objected to tended to no more than this, and to give the jury some idea of the wages of school teaching. Any objection there might be in this last respect from the witness stating what she had received, instead of what was the usual compensation for school teaching, was, we think, sufficiently removed by the observation of plaintiff's counsel, when, upon defendant's counsel making objection to the introduction into the record of plaintiff's statement of the amount she received, plaintiff's counsel said:   "If he objects, strike it out."   The testimony was not as to the loss of the profits of a particular engagement for school teaching, but only that arrangements which were being made to teach a school were compelled to be given up, without any intimation as to the amount of the compensation under the arrangement, had it been perfected.   The evidence went to show no more than an actual interruption of the business of school teaching.   Had it gone to show the loss of the profits of a particular engagement which had been made for teaching school, another question would have been presented,— the one appearing in *City of Chicago* v. *O'Brennan*, 65 Ill. 160, a case much relied upon by appellant's counsel, where, in a similar action for injuries sustained, it was held error in the court below to permit the plaintiff to give in evidence the fact of particular engagements by him to lecture, and the probable gains thereof, and that the plaintiff was prevented from fulfilling them by reason of the injury, and his estimates of the special loss thereby sustained.   It was held

that these special damages should have been set out in the declaration.   The essential difference between that case and the present is obvious.

The cases of *Tomlinson* v. *Derby*, 43 Conn. 562, and *Taylor* v. *Monroe*, id. 43, seem opposed to the view we take, but we find it supported by the case of *Luck* v. *City of Ripon*, 52 Wis. 196.   We prefer to follow the authority of the latter case.

The judgment must be affirmed.

*Judgment affirmed.*