## THE CITY OF SANDWICH

*v.*

## BELLE F. DOLAN.

*Filed at Ottawa May 14, 1890.*

| 133 | 177 |
|-----|-----|
| 141 | 435 |

| 133 | 177 |
|-----|-----|
| 42a | 54 |

| 133 | 177 |
|-----|-----|
| 47a | 327 |

| 133 | 177 |
|-----|-----|
| 75a | 202 |

| 133 | 177 |
|-----|-----|
| f95a | 2224 |

| 133 | 177 |
|-----|-----|
| 97a | 5201 |

1. NEGLIGENCE—*contributory—absence of due care in passing along a defective sidewalk.* In an action against a city the plaintiff can not recover for a personal injury caused by a defective sidewalk, however negligent the city may have been in failing to keep the walk in proper repair, unless he was, at the time of the accident, exercising ordinary care to avoid injury.

2. SAME—*duty to take a less dangerous route.* Where there are two routes from one's residence in a city to his place of destination, the one dangerous and the other entirely safe, and he, with knowledge of this fact, selects the dangerous one, and is injured while passing over the dangerous walk, it can not be said, as matter of law, that he is justified in having selected the dangerous route.

3. While a party may not be required to take another less convenient sidewalk in returning to his home in the night time, his failure to do so will present a question of fact—whether, in the selection of a route known by him to be dangerous, he was in the exercise of ordinary care for his safety.

4. In a suit against a city to recover damages for a personal injury resulting from a defective sidewalk, the court, at the plaintiff's request, instructed the jury, that if they believed, from the evidence, that the most direct route for the plaintiff in going to his place of destination and returning to his home in the city was over the sidewalk out of repair, then the fact, if shown, that such sidewalk over which plaintiff passed was defective, and had been in a defective condition for some months previous to the injury, would not oblige the plaintiff to take another less convenient sidewalk: *Held*, that the instruction was misleading, and erroneous.

5. SAME—*want of proper care—as a question of fact.* Whether or not a plaintiff exercised ordinary care to avoid a personal injury in passing over a defective sidewalk at the time and place of receiving such injury, is a question of fact, to be determined by the jury from all the evidence.

APPEAL from the Appellate Court for the Second District;— heard in that court on appeal from the Circuit Court of DeKalb county; the Hon. CHARLES KELLUM, Judge, presiding.

12—133 ILL.

Messrs. CARNES & DENTON, for the appellant:'

The burden of proof was on appellee to show that she was in the exercise of due care.    *Dyer* v. *Talcott,* 16 Ill. 300; *Railroad Co.* v. *Fay,* id. 558; *Steel Co.* v. *Martin,* 115 id. 358; Thompson on Negligence, 1176.

The question of comparative negligence is not involved, except when the injured party has exercised ordinary care.    *Steel Co.* v. *Martin,* 115 Ill. 358; *Railroad Co.* v. *Clark,* 108 id. 113.

If appellee had knowledge of the danger, that is presumptive evidence of neglect on her part.    *Achtenhague* v. *Watertown,* 18 Miss. 321; *Barstow* v. *City of Berlin,* 24 Wis. 262.

It was negligence in plaintiff not to have avoided the place of the injury.    *Centralia* v. *Krouse,* 64 Ill. 20; *Lovenguth* v. *Bloomington,* 71 id. 238; *Railway Co.* v. *Taylor,* 104 Pa. St. 306; *Bruker* v. *Covington,* 69 Ind. 33; Dillon on Mun. Corp. (3d ed.) sec. 1007.

Mr. JOHN L. PRATT, and Mr. SAMUEL ALSCHULER, for the appellee:

The affirmance by the Appellate Court settles all the issues of fact with the appellee.

The tenth of appellee's instructions is not erroneous.    See *Aurora* v. *Hillman,* 90 Ill. 61; *Aurora* v. *Dale,* id. 46; *Bloomington* v. *Chamberlain,* 104 id. 268; *Joliet* v. *Conway,* 17 Ill. App. 577; *Ellis* v. *Peru,* 23 id. 35; Wharton on Negligence, sec. 997.

The cases cited by appellant are clearly distinguishable from this case.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action brought by Belle F. Dolan, against the city of Sandwich, to recover for an injury received from a fall on a defective sidewalk, on the night of December 25, 1887. The plaintiff resided on the south side of Third street, and the accident occurred about nine o'clock in the evening, as plain-

tiff was going from the Congregational church to her residence. The sidewalk over which she was passing was the direct route from the church to her residence, and where the accident occurred, in front of what is known as the Kinney lot, it had been out of repair and in an unsafe and dangerous condition for several months. The plaintiff had been in the habit of passing over the defective walk for some months before the accident, —as she testified, from four to six times a week,—and the dangerous condition of the walk was known to her at the time.

On the trial, one witness, who resided on the same side of the street where plaintiff resided, testified, on his cross-examination, in substance, as follows: "I had avoided this walk during the fall and summer before Christmas. My reason was that there was danger from loose boards flying up. It is the nearest way for us to go to church for evening services, when we pass into the lecture room, but in the morning I usually went on the other side of the street." Doubtless for the purpose of removing from the minds of the jury the impression which might be created by this evidence, that any legal duty rested upon the plaintiff of taking some other route to the church which might be safer or less dangerous, or for the purpose of removing from their minds the fact that plaintiff did not exercise ordinary care, counsel for plaintiff prepared, and the court gave to the jury, the following instruction:

"10. If the jury believe, from the evidence, that the most direct route for the plaintiff in going to and from the Congregational church, in the city of Sandwich, to her home in said city, was over the sidewalk along the south side of Third street, in said city, then the fact, if shown by the evidence, that such sidewalk on said street over which plaintiff passed was defective, and had been in a defective condition for some months previous to the alleged injury, would not oblige her to take another less convenient sidewalk."

The giving of this instruction is relied upon as error. The court, in instruction No. 8, directed the jury that the question

of whether or not the plaintiff was exercising ordinary care to avoid injury in passing over the sidewalk when and where the alleged injury took place, is a question of fact, to be determined by the jury from all the evidence. This charge to the jury was clearly correct. The plaintiff could not recover, however negligent the defendant may have been in failing to keep its sidewalks in proper repair, unless the plaintiff, at the time of the accident, was exercising ordinary care to avoid injury, and whether plaintiff was in the exercise of ordinary care, as has been often held, is a question of fact.. Had the question of what degree of care was required of plaintiff been left where this instruction placed the question, no fault could be found with the instruction; but it is claimed that No. 10 invades the province of the jury, and in substance directs them that the plaintiff might expose herself to known danger with impunity, provided she was traveling in the most direct route to her home. As has been said before, it was a question for the jury to determine, whether the plaintiff, at the time she received the injury, was in the exercise of proper care. If there were two routes from plaintiff's residence to the church, one dangerous and the other entirely safe, and in the selection of a route plaintiff saw proper to pass over the dangerous one, it could not be determined, as a matter of law, that plaintiff was justified in selecting the dangerous route, but the question ought to have been left to the jury. As an abstract question, it may be that plaintiff was not obliged, as declared in the instruction, to take another less convenient sidewalk; but if she failed to do so, it would be a question of fact whether, in the selection of a route known to be dangerous, she was in the exercise of ordinary care.

When this court had the power to review questions of fact as well as questions of law, in *City of Centralia* v. *Krouse*, 64 Ill. 21, where a sidewalk had been damaged by fire and become dangerous to travel upon, it was held to be the duty of the public to pass on the other side of the street; and where a per-

son was injured in passing over the dangerous walk, knowing its condition, it was held he could not recover. In *Lovenguth* v. *City of Bloomington*, 71 Ill. 238, following the rule announced in the case last cited, it was held that an instruction to the effect that the plaintiff was not bound to travel on another sidewalk than the one on which he received the injury complained of, even though he knew that the one on which he was injured was out of repair, was properly refused. It is there said: "Had the court given this instruction as it was prepared, it would have been in effect telling the jury the plaintiff's son might properly pass over the sidewalk, however dangerous it might be, with full knowledge on his part of its dangerous character. This is not the law." See, also, *Bruker* v. *Town of Covington*, 69 Ind. 33, *Pitts. South. R. C.* v. *Taylor*, 104 Pa. St. 306, Dillon on Mun. Corp. (3d ed.) sec. 1007, and *Wilson* v. *City of Charlestown*, 8 Allen, 137, where the same doctrine is announced. In the case last cited, it is said: "The fact that the street in front of the sidewalk, and the sidewalk on the opposite side of the street, were in such condition that they could have been used safely and conveniently, which was shown, tended to prove a want of care on the part of the female plaintiff. It is settled that if a person knows a way to be dangerous when he enters upon it, he can not, in the exercise of ordinary prudence, proceed and take his chance, and if he shall actually sustain damage, look to the town for indemnity." (*Horton* v. *Ipswich*, 12 Cush. 488.) In Dillon, *supra*, (sec. 1007,) it is said that the party injured must be free from contributory negligence,—*i. e.*, if he knew of the defect or obstruction, and ought reasonably to have avoided it by going outside or around it, and did not, he can not recover.

Whether it was obligatory on plaintiff to travel over one walk or the other, was a question which it was not the province of the court to determine as a matter of law, and we think the instruction was calculated to mislead the jury.

*City of Aurora* v. *Hillman*, 90 Ill. 61, has been cited as sustaining the instruction. It is true that an instruction like the one in question was sustained in that case; but there, the party injured was not aware of the dangerous condition of the walk. Had the walk been known to be dangerous, as was the case here, doubtless a different rule would have been announced in regard to the instruction. This is manifest from what is there said, as follows: "In *City of Centralia* v. *Krouse*, 64 Ill. 20, the sidewalk was positively dangerous and practically impassable, and Krouse had full knowledge of this, and it was culpable negligence in him to undertake to pass over it. The sidewalk in this case was not of this character, and, although out of repair, had been passed over daily, not only by appellee, but by all other pedestrians who found it convenient so to do. * * * The evidence does not show appellee, who was a shoemaker, knew the stringers were rotten and would not hold nails, and he testified on the trial he did not know the plank Moreau stepped on was loose, and that he had passed there that morning, and it was not loose then."

*City of Bloomington* v. *Chamberlain*, 104 Ill. 268, has also been cited by the plaintiff, but there is nothing in that case to sustain the instruction involved here. It was there held that knowledge of the condition of the walk is one of the circumstances to be considered in determining whether the plaintiff exercised ordinary care. It was also held that it can not be laid down as a legal proposition, that a person traveling on the sidewalk of a city is bound to go out into the street and pass around the walk, although he knows it to be defective, especially when the defect is merely loose boards, and the walk is not palpably dangerous.

We think the instruction calculated to mislead the jury, and thus erroneous.

The judgments of the Appellate and circuit courts will be reversed, and the cause will be remanded to the circuit court.

*Judgment reversed.*