THE CITY OF SANDWICH

*v.*

BELLE F. DOLAN.

*Filed at Ottawa May 12, 1892.*

1. NEGLIGENCE—*as a question of law or fact.* In an action against a city to recover for an injury caused by a defective sidewalk, instructions announcing, in substance, the proposition that when a party goes upon a sidewalk which he knows to be in a dangerous condition he is thereby guilty of negligence *per se*, are properly refused.

2. The use of a sidewalk with knowledge of its dangerous condition may be evidence of negligence, but it is not as a matter of law.

3. SAME—*streets and sidewalks—duty and liability—instructions.* In an action against a city to recover for a personal injury from a defective sidewalk, the court instructed the jury, for the plaintiff, that the defendant was "bound to use reasonable care and caution to keep and maintain its streets and sidewalks in good and sufficient repair to render them reasonably safe for all persons passing on or over the same :"

*Held,* sufficiently accurate in its general statement of the duty of the city.

4.  Where it is stated in an instruction to be the duty of the city to exercise reasonable care to keep its sidewalks in a reasonably safe condition for all persons passing over them, it is a necessary implication therefrom that the city is liable for a violation of such duty to those persons, only, who exercise ordinary care in passing over the sidewalks, if, in connection with such statement, the jury are instructed that the exercise of ordinary care is a condition precedent to the right of recovery.

5.  SAME—*as to notice of defect in sidewalk.* An instruction as to the liability of a city for negligence in repairing a sidewalk consisted of two clauses, separated by the conjunction "or." The first clause referred to actual notice of the defects by the city, and the second to the constructive notice implied from the existence of the defect for such a length of time that the city might have discovered it by reasonable diligence. The first clause conditioned the liability of the city for a failure to repair the sidewalk, upon a finding, from the evidence, that the city "had actual notice of such defect for a sufficient length of time prior to the injury * * * to have repaired such sidewalk :" *Held,* that when read in connection with the second clause, the first clause meant that the city must have had actual notice for such a length of time that by the exercise of reasonable diligence it could have repaired the defect.

6.  MEASURE OF DAMAGES—*personal injury.* In estimating the damages to the plaintiff in an action to recover for a personal injury, the jury will have a right to take into consideration the effect of the injury upon the future health of the plaintiff, and the bodily pain and suffering undergone by him, as far as the evidence bears upon these subjects.

7.  IMPEACHING A WITNESS—*of the proper rule.* An instruction that "if the jury believe, from the evidence, that any witness has willfully sworn falsely on this trial as to any matter or thing material to the issues in the case, then the jury are at liberty to diregard the entire testimony of such witness, except in so far as it has been corroborated by other credible evidence, or by facts and circumstances proved on the trial," is not erroneous.

8.  Such instruction is not faulty in that it does not mention the name of any witness. The practice of singling out witnesses in instructions of this character is justly subject to criticism, and being the assertion of what may be supposed to be a mere abstract principle of law, it could not prejudice the cause of the party complaining.

9.  EVIDENCE—*rebutting evidence defined.* Rebutting evidence is that which is produced by the plaintiff to explain, repel, counteract or disprove the evidence given by the defendant.

10. SAME—*whether evidence is in rebuttal or impeaching.* On a trial, at the close of the plaintiff's evidence as to her injuries, the defendant called a physician, who testified that he "wanted to examine those muscles with a battery," but did not state that he had one at the place named. On rebuttal, the plaintiff called several witnesses, who stated that they saw no battery there: *Held*, such rebutting evidence was not an impeachment of the credibility of the physician's testimony, and that the refusal of the court to allow the defendant to call another witness to prove there was a battery, in support of the physician's credibility, was not such an error as to call for a reversal.

11. So where such physician testified that the plaintiff objected to an examination with a battery, the theory of the defense being that plaintiff was pretending to be more seriously injured than she really was, and the plaintiff called, in rebuttal, four witnesses, who swore that she did not object to the use of an electric battery, but that she objected to the use of a mallet upon her spine, it was *held*, that the latter testimony could not be regarded merely as an impeachment of the physician, but must be treated as strictly rebutting in its character, and that evidence to corroborate the physician's evidence was a part of the defendant's original case.

12. SAME—*right to rebut impeaching testimony.* Where the plaintiff, in rebuttal, introduces evidence in contradiction of the witnesses of the defendant which the defendant could not reasonably have anticipated, which evidence is offered for no other purpose than to impeach their credibility, the defendant will be entitled, after the plaintiff has rested, to support their credibility by additional testimony.

13. PRACTICE—*order of giving evidence—admitting evidence after case is closed.* After a party has closed his evidence, it is altogether a matter of discretion whether the court will permit time to give further testimony, and the exercise of such discretion is not reviewable. It will not be held that there has been an abuse of such discretionary power unless some injury has been occasioned. Ordinarily, permission to introduce evidence out of its order will only be granted upon due cause being shown, as, that material evidence in chief has been omitted by accident or inadvertence.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of DeKalb county; the Hon. CHARLES. KELLUM, Judge, presiding.

Messrs. CARNES & DUNTON, and Mr. WILLIAM BARGE, for the appellant:

Where a person is injured in passing over a dangerous sidewalk, knowing its condition, he can not recover of the city.

*Centralia* v. *Krouse*, 64 Ill. 21; *Bruker* v. *Covington*, 69 Ind. 33; *Wilson* v. *Charlestown*, 8 Allen, 137; *Railroad Co.* v. *Taylor*, 104 Pa. St. 306; Dillon on Mun. Corp. (3d ed.) sec. 1007; *Horton* v. *Ipswich*, 12 Cush. 408; *Lovenguth* v. *Bloomington*, 71 Ill. 238; *Riest* v. *Goshen*, 42 Ind. 339.

The evidence which was offered to corroborate the credibility of Dr. Moyer was improperly refused. *Wade* v. *Thayer*, 40 Cal. 578; *Richardson* v. *Lessees of Stewart*, 4 Binn. 197; 1 Thompson on Trials, sec. 544; *Losee* v. *Mathews*, 61 N. Y. 627; *Fain* v. *Edwards*, 35 N. C. L. 64; *Moseley* v. *Jamison*, 66 Miss. 52; *Davis* v. *State*, 38 Md. 15; Rapelje on Witnesses, sec. 217.

Appellee's seventh instruction, as to the credibility of an impeached witness, is erroneous, as amounting to an intimation that it applies to the witnesses for the defendant and not to those of the plaintiff. *Wright* v. *Bell*, 5 Bradw. 352; *Insurance Co.* v. *LaPointe*, 118 Ill. 384; *Devlin* v. *People*, 104 id. 504; *Pennsylvania Co.* v. *Stoelke*, 104 id. 201.

It was wrong because there was no evidence on which to base it. *Andreas* v. *Ketcham*, 77 Ill. 377; *American* v. *Rimpert*, 75 id. 228.

This was well calculated to mislead the jury, as it virtually told the jury there was evidence from which they could find the fact. *Railroad Co.* v. *Miller*, 71 Ill. 463; *Pope* v. *Lowitz*, 14 Bradw. 96; *Coggeshall* v. *Mates*, 13 id. 117.

It is wrong, too, because it does not mention the name of any witness or witnesses. *Express Co.* v. *Hutchins*, 58 Ill. 44; *Bowers* v. *People*, 74 id. 418; *Railroad Co.* v. *Buttolf*, 66 id. 347; *Dean* v. *Blackwell*, 18 id. 336.

The law only required the defendant to use reasonable care to keep its sidewalks safe for persons in the exercise of reasonable care and caution to pass over them. *Railroad Co.* v. *Van Patten*, 64 Ill. 510.

Mr. C. A. BISHOP, Mr. SAMUEL ALSCHULER, and Mr. J. C. MURPHY, for the appellee:

There was no error in refusing the testimony offered in corroboration of Dr. Moyer's testimony which has been attacked.

The matter of allowing a witness to be recalled, or testimony to be introduced out of its order, or after a party has closed his case, is wholly within the discretion of the trial judge, and the exercise of such discretion is not assignable as error, and will not be reviewed by the higher courts. See 1 Wharton on Evidence, (ed. of 1888,) 574; *Bloom* v. *Goodner,* Breese, 63; *Gillham* v. *State Bank,* 2 Scam. 249; *Russell* v. *Martin,* id. 492; *Welsh* v. *People,* 17 Ill. 339; *Hunt* v. *Weir,* 29 id. 83; *Wilborn* v. *Odell,* id. 456; *Rowley* v. *Hughes,* 40 id. 316; *Brown* v. *Berry,* 47 id. 175; *Railroad Co.* v. *Hack,* 66 id. 238; *Wickenkamp* v. *Wickenkamp,* 77 id. 92; *Blackburn* v. *Mann,* 85 id. 222; *Mauzy* v. *Kinzee,* 19 Ill. App. 571.

The question of contributory negligence of the plaintiff is one of fact. *Bloomington* v. *Chamberlain,* 104 Ill. 268; *Aurora* v. *Hillman,* 90 id. 61; *Aurora* v. *Dale,* id. 46; *Lovenguth* v. *Bloomington,* 71 id. 238.

The plaintiff's knowledge of the condition of the sidewalk is one of the circumstances to be considered by the jury in determining whether there has been the exercise of ordinary care. *Bloomington* v. *Chamberlain, supra; Aurora* v. *Hillman, supra; Joliet* v. *Conway,* 17 Ill. App. 577.

There was no error in giving appellee's seventh instruction, (*Reynolds* v. *Greenbaum,* 80 Ill. 416,) nor the third. The law does not require an instruction to constantly refer to the declaration. It is not condemned in *Van Patten's case,* 64 Ill. 510.

Mr. CHIEF JUSTICE MAGRUDER delivered the opinion of the Court:

This is an action brought by appellee against appellant to recover damages for an injury received by falling upon a defective sidewalk. The case was before this Court at a former

term, and is reported as *City of Sandwich* v. *Dolan*, 133 Ill. 177. It was then reversed on account of the giving of an erroneous instruction. Since the reversal, the case has been again tried, and the second trial, like the first, has resulted in a verdict and judgment for the plaintiff. The judgment of the trial court has been affirmed by the Appellate Court.

The appellant assigns as error, that the Court refused to give the following instructions asked on behalf of the defendant below:

"If the jury believe, from the evidence in this case, that the sidewalk in question was in an unsafe condition at the time of the alleged accident, and if the jury further believe, from the evidence, that the plaintiff knew of such unsafe condition of said walk before and at the time of the said accident, then the Court instructs the jury that it was the duty of the plaintiff to keep off said sidewalk and not go upon the same.

"The Court instructs the jury, that the law requires a person who knows that a sidewalk is in an unsafe or dangerous condition to keep off such sidewalk, and the law will not permit such person to knowingly go upon such unsafe or dangerous sidewalk, and then recover damages for any injury that he may sustain by reason of so going upon such sidewalk."

These instructions were properly refused. They announce, in substance, the proposition, that where a party goes upon a sidewalk which he knows to be in a dangerous condition, he is thereby guilty of negligence *per se*. Such is not the law. (*City of Sandwich* v. *Dolan, supra; City of Flora* v. *Naney,* 136 Ill. 45; *St. Louis Bridge Co.* v. *Miller,* 138 id. 465.) The use of a sidewalk with knowledge of its dangerous condition may be evidence of negligence, but it is not negligence as a matter of law. (*St. Louis Bridge Co.* v. *Miller, supra.*) In *City of Bloomington* v. *Chamberlain,* 104 Ill. 268, an instruction was held to be erroneous, which told the jury that "the law required the plaintiff to go out into the street and pass around the walk, if she knew it was defective." Whether it

was obligatory upon the plaintiff to pass over the walk known by her to be unsafe, or to pass around it upon the street, or to take the walk on the opposite side of the street, was a question which it was not the province of the court to determine as a matter of law. It is a question of fact for the jury, whether in passing over a walk known to be dangerous instead of taking some other route, the plaintiff is or is not in the exercise of ordinary care. (*City of Sandwich* v. *Dolan, supra.*)

Appellant complains that the court gave for the plaintiff the following instruction:

"If the jury believe, from the evidence, that any witness has willfully sworn falsely on this trial as to any matter or thing material to the issues in the case, then the jury are at liberty to disregard the entire testimony of such witness, except in so far as it has been corroborated by other credible evidence or by facts and circumstances proved on the trial."

This instruction is expressed in language that was approved of by this Court in *Reynolds* v. *Greenbaum*, 80 Ill. 416. It has no more application to the testimony of defendant's witnesses than to that of plaintiff's witnesses. It is not faulty in that it does not mention the name of any witness. The practice of singling out witnesses in instructions of this character is justly subject to criticism. (*Phenix Ins. Co.* v. *LaPointe*, 118 Ill. 384.) While it may be true, that the instruction had no just application to the testimony of the witnesses of either party yet there was some conflict in the evidence, and as the instruction was "the assertion of what was supposed to be a mere abstract principle of law," it could not have prejudiced the cause of the defendant. (*Reynolds* v. *Greenbaum, supra.*)

The second instruction given for the plaintiff is objected to, because it told the jury that the defendant was "bound to use reasonable care and caution to keep and maintain its streets and sidewalks in good and sufficient repair to render them reasonably safe for all persons passing on or over the same." It is said, that the city was bound to keep the streets reasonably

safe for those persons only, who were in the exercise of reasonable care and caution in passing over them. We regard the instruction as sufficiently accurate in its general statement of the duty of the city. The instructions as a whole were explicit in requiring the jury to find, that the plaintiff must have been in the exercise of ordinary care, in order to entitle her to a recovery. When it is stated to be the duty of the city to exercise reasonable care to keep the sidewalks in a reasonably safe condition for all persons passing over them, it is a necessary implication from the statement, that the city is liable, for a violation of such duty, to those persons only who exercise ordinary care in passing over the sidewalks, if, in connection with such statement, the jury are instructed that the exercise of ordinary care is a condition precedent to the right of recovery.

The third instruction was not erroneous in failing to designate the defect in the sidewalk as that alleged in the declaration. The jury could not have understood the instructions as a whole to refer to any other defect than that mentioned in the declaration and referred to in the proofs. It is not necessary to repeat the words, "as alleged in the declaration," in every instruction. The third instruction consists of two clauses separated by the disjunctive conjunction "or;" the first clause refers to actual notice of the defect by the city, and the second to the constructive notice, which is implied from the existence of the defect for such a length of time, that the city might have discovered it by the exercise of reasonable diligence. The first clause conditions the liability of the city for a failure to repair the sidewalk upon a finding from the evidence, that the city "had actual notice of such defect for a sufficient length of time prior to the injury * * * to have repaired such sidewalk." Read in connection with the second clause, the first clause means that the city must have had actual notice for such a length of time that, *by the exercise of reasonable diligence,* it could have repaired the defect.

We do not regard the eighth instruction given for the plaintiff as erroneous. In estimating the damages, the jury have a right to take into consideration the effect of the injury upon the future health of the plaintiff, and the bodily pain and suffering undergone by the plaintiff, so far as the evidence bears upon these subjects.

Appellant assigns as error, that the court refused to allow it to prove what it offered to prove by one Dr. Nesbett, as hereinafter stated. After the plaintiff had introduced her testimony in chief and had rested, the defendant examined, as one of its witnesses, Dr. Moyer, and asked him, upon his direct examination, the following question and received the following answer: "Q. What other examination, if any, did you make? A. That is all. I wanted to examine those muscles with a battery, but she objected to it." Counsel for appellant, after quoting this portion of Dr. Moyer's testimony in his brief, thus proceeds to state his position:

"Several witnesses were called by appellee at the close of appellant's testimony, and testified that the plaintiff did not object to Dr. Moyer examining her with a battery, and that no battery was there at the time of the examination. To contradict this testimony, and also to sustain that of Dr. Moyer, the defendant offered to prove, by Dr. Nesbett, that there was a battery there, and that the plaintiff told Dr. Moyer: 'You can not use any battery on me,—I will not permit it,' or other words to that effect; but the court would not permit this testimony, and the defendant saved an exception to the ruling of the court."

As the offer was made, after the defendant had closed its testimony, and after the plaintiff had introduced her evidence in rebuttal, the decision of the question, whether the offer was or was not properly rejected by the court below, will depend upon the character of the testimony which it was proposed to introduce. It is held, that, "where the plaintiff, in rebuttal, introduces evidence in contradiction of the witnesses of the

defendant, which the defendant could not reasonably have anticipated, which evidence is offered for no other purpose than to impeach their credibility, the defendant is entitled, after the plaintiff has rested, to support their credibility by additional testimony." (1 Thompson on Trials, sec. 544.) Were the witnesses, called by the plaintiff at the close of the defendant's evidence, examined for the purpose of impeaching the credibility of Dr. Moyer?

Counsel is mistaken in assuming, that Dr. Moyer stated, that he had a battery, or that there was a battery, at the place where he made the examination of the plaintiff's injuries. He said, that he "wanted to examine those muscles with a battery," but this statement was entirely consistent with the idea, that there was no battery actually on hand at that time and place. His desire to use the battery may have been to use it at some future time, or at some other place, or to use it at that time and place after it should have been sent for and brought there. Counsel is also mistaken in assuming, that plaintiff's witnesses, called upon the rebuttal, swore that there was no battery there at that time. One of the four witnesses upon this subject, Mrs. Johnson, swears, that she did "not know whether there was one there or not;" Dr. Bryant says: "they did not have an electric battery there to my knowledge; I would not swear that they did not have one there;" James Dolan says: "I saw no electric battery there;" the plaintiff says: "I did not see anything that appeared to be an electric battery." This testimony is not to the effect, that there was no battery there, but that the witnesses saw no battery there, or did not know whether there was one there or not; and, as Dr. Moyer did not say that there was a battery there, the testimony was not an impeachment of the credibility of his evidence upon this point. Therefore, the refusal to allow the defendant, at the close of plaintiff's rebutting evidence, to put Dr. Nesbett on the stand for the purpose of supporting the credibility of Dr. Moyer upon the question whether there was

a battery there or not, was not such an error as will justify a reversal.

But Dr. Moyer's answer, as above quoted, contains the statement that plaintiff objected to an examination with a battery. The four witnesses above named swear, that the plaintiff did not object to an examination with an electric battery, and that no proposition was made to make such an examination. They say, however, that there was a box there with a mallet in it, and that the plaintiff made some objection when Dr. Moyer proposed to use the mallet, saying "I had had my spine pounded with a mallet once before."

We do not think, that this testimony can be regarded merely as an impeachment of the credibility of Dr. Moyer, but that it must be treated as strictly rebutting in its character. Rebutting evidence is that which is produced by the plaintiff to explain, repel, counteract or disprove the evidence given by the defendant. The plaintiff, in making out her original case, had introduced proof tending to show the extent of her injuries. Much of the proof of the defendant was designed to make the impression upon the jury, that plaintiff was pretending to have been injured more seriously than the facts warranted. It was for the purpose of testing this matter, that the physicians were called upon to make an examination. Dr. Moyer and Dr. Nesbett, both testifying for the defendant, refer to plaintiff's statements upon the subject as being the only evidence they could find of an injury to her spine. Dr. Moyer's evidence, that she objected to an examination with a battery, was intended to support this theory of the defense, that her pains were simulated. It was clearly a part of defendant's original case; and, if Dr. Nesbett could also have proven that plaintiff made the objection attributed to her, there is no good reason why he should not have been interrogated upon the subject, while he was upon the stand as a witness for defendant in support of its original case. It was not proper for the defendant to present its defense by piece-

meal, a part when the plaintiff rested, and another part when the plaintiff finished her rebutting testimony. Plaintiff's evidence, introduced in rebuttal, explained Moyer's statement by showing that the objection made had reference to the use of a mallet and not to the use of a battery; it repelled and counteracted defendant's theory of simulated injuries by proving that plaintiff did not object to an examination with a battery.

As the offer of the defendant was of testimony that properly belonged to its original case and should have been brought forward along with the rest of its original proof, it was discretionary with the trial court, whether or not the defendant should be allowed to introduce such testimony after the plaintiff had concluded upon the rebuttal. After a party has closed his evidence, it is altogether a matter of discretion whether the court will permit him to give further testimony. The exercise of such discretion is not reviewable. (*Hunt* v. *Weir*, 29 Ill. 83; *Wilborn* v. *Odell*, id. 456; *Rowley* v. *Hughes*, 40 id. 316; 1 Wharton's Law of Ev. sec. 574.) It will not be held, that there has been an abuse of such discretionary power, unless some injury has been occasioned. Ordinarily, permission to introduce evidence out of its order will only be granted upon due cause being shown, as, that material evidence in chief was omitted by accident, or inadvertence. (*Brown* v. *Berry*, 47 Ill. 175; *Chillicothe, etc. Co.* v. *Jameson*, 48 id. 281.) Here, it is not claimed that there was a failure to introduce the offered testimony at the proper time through accident, or mistake, or other such cause; but its admission was claimed as a right, upon the alleged ground that its object was to support the credibility of a witness supposed to have been impeached. Not concurring in the view that it was admissible for such purpose, we are of the opinion that the court below committed no error in excluding it.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*