## City of St. Charles v. Mary Hannon.

1. NEGLIGENCE—*A Question for the Jury.*—The question whether a particular act under all the surrounding circumstances is negligence, is not one of law but of fact for the jury.

2. VERDICTS—*When Not to be Disturbed.*—The verdict of a jury will not be disturbed unless it is manifestly at "first blush" against the evidence.

3. APPELLATE COURT PRACTICE—*Errors to be Pointed Out.*—Where an appellant assigns for error certain matters in a general way, but does not point them out in his brief so that it may be known wherein the error, if any, consists, the court will conclude that the assignment is not relied on.

Memorandum.—Action for personal injuries. In the Circuit Court of Kane County; the Hon. HENRY B. WILLIS, Judge, presiding. Declaration in case; plea of not guilty; trial by jury; verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the May term, 1894, and affirmed. Opinion filed December 13, 1894.

J. FRANK RICHMOND, attorney for appellant; A. H. BARRY and W. C. HUNT, of counsel.

A. J. HOPKINS, N. J. ALDRICH and F. H. THATCHER, attorneys for appellee.

MR. PRESIDING JUSTICE LACEY DELIVERED THE OPINION OF THE COURT.

The appellee recovered in this case a judgment against appellant for damages resulting to her by reason of a fall on its sidewalk which it failed to keep in ordinary good repair, or to exercise care to do so, and of which defective condition it had notice by the lapse of time after it was in an unsafe condition.

The verdict was for $2,000, and the court gave judgment thereon. From this judgment this appeal is taken.

It appears that on the 19th November, 1892, appellee, accompanied by her daughter Jessie, had been down town from her residence, and on returning and in passing on the

south side of Illinois street on appellant's sidewalk, fell and
received the injury complained of.   The daughter was walk-
ing in front and stepped on a loose plank in the sidewalk,
causing it to tip up and tripped appellee, and she fell over
against the fence and received the injury in question.   It
was a dark night.   The appellee was then *enciente*, and in
consequence suffered a miscarriage, and was sick for weeks
and her life was despaired of, and she was left with a weak-
ness which continued to the time of trial and the evidence
shows was of a permanent character.   Appellant's counsel
admits that the evidence clearly shows that the sidewalk
where the injury occurred was in a bad condition and had
been so bad for a number of years.   We need not, there-
fore, notice the evidence touching the question of the neg-
ligence of appellant in failing to keep its sidewalks in a
safe condition.   We will only notice the defense set up that
appellee was aware of the condition of the walk, and by
traveling over it was guilty of such contributory negligence
that she can not recover.

We can not agree with counsel for appellant that it was
contributory negligence *per se* for appellee to undertake to
travel over the sidewalk, knowing its bad condition, or that
the court erred in not giving its offered instructions to the
jury to that effect.   The question whether such an act, un-
der all the surrounding circumstances in the case, was neg-
ligence on appellee's part, was a question for the jury and
not a question of law.   This principle of law has been so
often decided by the Supreme Court and this court we need
not comment on it.   We will simply cite some of the cases.
St. Louis Bridge Co. v. Miller, 138 Ill. 465; City of Aurora
v. Hillman, 90 Ill. 61; City of Bloomington v. Chamberlain,
104 Ill. 273; City of Sandwich v. Dolan, 141 Ill. 430; same
in 42 App. 53.   It is unnecessary to cite other cases.

It then became merely a question of fact for the jury to
determine from all the evidence in the case whether appel-
lee exercised reasonable care in going on the sidewalk in
question, knowing it to be out of repair.   It is a well set-
tled rule of law that the verdict of a jury will not be dis-

turbed unless it is manifestly at "first blush" against the weight of the evidence. From a perusal of the evidence we are satisfied such is not its condition here. The walk was a public one over which travel was invited by appellant and was the usual route for appellee to travel in going and returning from "down town." There was really no other practicable way to go into the city. She used ordinary care in traveling over it and but for her daughter stepping on the end of a loose board in the walk and tipping it up the accident would not have happened. We think the evidence supported the verdict in this particular. We think, also, the verdict is supported by the evidence in regard to appellee's care of herself before and after the injury, and in all other particulars.

The appellant assigns for error that the court refused to give its instructions Nos. 5 and 6 offered, but modified the same, as appears in instructions Nos. 7 and 8.

There is no error pointed out in its brief, so that we may know wherein such error, if any, consists.

We conclude, therefore, that this assignment of error is not seriously relied on and will not undertake to search out such error ourselves. The record before us appears to be remarkably free from error. There is no complaint made that the damages are excessive. The judgment of the Circuit Court is therefore affirmed.