## Theodore Bickerman v. John F. Tarter.

### Gen. No, 4,333.

1.   CREDIBILITY OF WITNESS—*when instruction pertaining to, is erroneous.*   An instruction which tells the jury to disregard the entire testimony of a witness if they believe from the evidence that such witness has knowingly testified falsely, is erroneous in two respects: first, in not permitting the jury to believe a portion of the testimony of such witness, and second, in not telling the jury that such false testimony must be with regard to some material fact or issue.

Action of assumpsit. Appeal from the Circuit Court of Marshall County; the Hon. NICHOLAS E. WORTHINGTON, Judge, presiding. Heard in this court at the April term, 1904. Reversed and remanded. Opinion filed August 24, 1904.

HENRY JACOBS and BARNES & MAGOON, for appellant.

WILLIAM FORREST and B. W. WRIGHT, for appellee.

MR. PRESIDING JUSTICE FARMER delivered the opinion of the court.

This suit was brought by appellee against appellant to recover for wages claimed by appellee to be due him from appellant. Appellant was engaged in the business of boring wells, and had a number of machines for that purpose. It appears his usual method of conducting the business was to furnish his men machines, and they would operate them and after paying all expenses divide the profits with appellant. Appellee claims he made a contract with appellant to operate one of his machines on these terms, and that it was further agreed that when he assisted appellant with wells other than those he was sinking with the machine let to him, he was to receive $3 per day and all his expenses. Under this contract appellee claims to have worked 45 days, for which he was entitled to $3 per day or $135, upon which, he says, he was paid $20, leaving a balance due him of $115. Appellant claims that appellee had formerly operated a machine several years on an agreement to divide the profits, and that when not at work he boarded

Bickerman v. Tarter.

with appellant, and was to pay for his board, and that when appellee began work the last time it was agreed between them that the employment was on the same terms and conditions. Appellant claims there was due him from appellee for board $315, and filed a set-off in that amount. Appellee recovered a verdict and judgment for $115, from which judgment this appeal is prosecuted.

The evidence was very conflicting, and as the judgment must be reversed for error in giving instructions for appellee, we do not deem it proper or necessary to discuss the evidence nor the other errors assigned. The second instruction given for appellee was as follows: "The court instructs the jury that the testimony of one credible witness is entitled to more weight than the testimony of many others, if as to those other witnesses the jury have a reason to believe, from the evidence and all the facts before them, that such witnesses have knowingly testified untruthfully, and are not corroborated by other credible witnesses, or by circumstances proved in the case." This instruction omits the essential element that the false testimony must be as to some matter material to the issue. Pollard v. The People, 69 Ill. 148. Nor does it necessarily follow that because a witness has knowingly testified falsely about one material matter that the jury should, unless he is corroborated, disregard his testimony as to all other matters. It may be that there is that in the appearance of a witness and the surrounding circumstances, that would justify the jury in believing part of his testimony and disregarding part of it. At all events, it is the province of the jury and not of the court to determine to what extent, if at all, credit should be given to anything such a witness has testified to. Again, this instruction tells the jury "that the testimony of one credible witness *is* entitled to more weight," etc., whereas it should have stated that it *may be.* An instruction which tells the jury they *should* disregard the testimony of a witness whom they believed had wilfully sworn falsely to a material fact was held erroneous in Reynolds v. Greenbaum, 80 Ill. 416, and it was there said: "It was

the privilege of the jury to disregard the testimony of such a witness, but the court could not, with propriety, direct, as a matter of law, that they *should* disbelieve it."

While we would not be disposed to reverse the judgment on account of the third ·instruction, as the case must go back for another trial, it is not improper for us to say that the trial court should avoid giving any instruction that could reasonably be understood by the jury as directing or intimating what weight and effect they should give to the testimony of any witness, and especially is this so in cases where the evidence is close and highly conflicting.

We think also the court might well have given appellant's third refused instruction. It was applicable to his theory of the case and in harmony with the evidence on his side, and it was not given in any other instruction. If it had been given, no prejudice could have resulted to appellant from the refusal to give the fourth refused instruction.

For the errors indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*