## JOHN M. MARTIN *et al.*

*v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

1. CREDIBILITY OF WITNESS—*instructions.* On the trial of a party indicted for murder, the court refused to instruct the jury, on the request of the prisoner, that they would not be warranted in disregarding the statements of certain witnesses, unless their testimony had been successfully impeached, and properly so, as it was for the jury to determine, in view of all the facts and circumstances, the degree of weight to be given to the testimony of each witness.

2. A court can hardly err in refusing to give any instruction which seems designed to influence a jury as to the credit to be given to particular witnesses.

3. CRIMINAL LAW—*bystander communicating with a juror during the trial.* The mere fact that a bystander hands a slip of paper or speaks to a juror, during the progress of the trial of a capital case, without reference to the character of the communication, and without misconduct on the part of the juror, can not be regarded as ground for a new trial, on the theory that the juror's mind was thereby diverted from the case.

4. So where a bystander, during the progress of a trial of a party on the charge of murder, handed to one of the jurors five dollars which he owed him, and for no other purpose than the payment of the debt, it was *held*, while there was an impropriety in approaching a juror for any purpose, under such circumstances, without first obtaining the leave of the court and the consent of the parties, yet, as the transaction was entirely innocent in its character, and no harm to the prisoner resulted, it was not ground for a new trial.

WRIT OF ERROR to the Circuit Court of Jefferson county; the Hon. JAMES M. POLLOCK, Judge, presiding.

The opinion states the case.

Mr. E. V. PIERCE and Messrs. TANNER & CASEY, for the plaintiffs in error.

Mr. W. BUSHNELL, Attorney General, for the People.

15—54TH ILL.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court :

This was an indictment for murder. The defendants were found guilty and sentenced to the penitentiary for fourteen years.

It is not denied the evidence sustains the verdict, if the testimony of Mary Hartsock is to be believed. It is urged there are inconsistencies and contradictions in her evidence, but they are not of a character to justify us in saying the jury should not have given her credit. Having her before them, and observing her appearance on the stand, and manner of testifying, they could judge better than we can whether she testified honestly. Besides, her testimony was not unsupported, and, after a careful scrutiny of all the evidence, we are clearly of opinion we ought not to grant a new trial on the ground that the verdict was not rightfully found.

It is also urged that several of the instructions for the people were erroneous. It is true, several of them are mere abstract legal propositions, and one of them is so obscurely expressed that it is not easy to comprehend its meaning, but none of them can have misled the jury.

Counsel also insist that the court erred in refusing instructions asked by defendants, authorizing the jury to disregard the testimony of certain witnesses, if the jury believed they had been successfully impeached. The court had already accurately laid down the law on this question in two distinct instructions, and very properly refused to repeat the same proposition in all the forms which the ingenuity of counsel could make it assume. It is also urged that the court erred in refusing to instruct the jury that they would not be warranted in disregarding the statements of certain witnesses, unless their testimony had been successfully impeached. This instruction was properly refused, as it was for the jury to determine, in view of all the facts and circumstances, the degree of weight to be given to the testimony of each witness. The jury might consider the witnesses

named perfectly honest, but yet mistaken in portions of their evidence, or even, if their evidence was uncontradicted by that of others, there might be portions of it so improbable that a jury would be inclined to doubt its truth.  A court can hardly err in refusing to give any instruction which seems designed to influence a jury as to the credit to be given to particular witnesses.

During the progress of the trial, a bystander handed to one of the jurymen five dollars, and counsel seem chiefly to rely on this as ground for a new trial.  The fact is shown by the affidavit of one of the counsel for the defendant, who saw the transaction, and called the attention of his associate counsel to it at the time.  It is evident from this that there was no secrecy in the matter, or attempt at concealment.  The affidavits of the juror, and of the person who handed him the money, were taken, and it appears the latter was indebted to the juror, and handed him this money in payment.  Both deny any improper motive, and none, indeed, could have been suspected by counsel, or they would have called the attention of the court to the transaction at the time.  It was an impropriety on the part of the bystander to approach a juror for any purpose, without first obtaining the leave of the court and the consent of parties, but as this transaction is shown to have been innocent in itself, and can have worked the defendants no prejudice, it can not be held a sufficient ground for a new trial.  It is urged that, although the transaction was an innocent one, it must have diverted the mind of the juror from the trial.  But the diversion could have been only momentary, as there was no conversation, and the juror swears he lost none of the evidence. A juror sitting at the end of the box next to the public portion of the court room, as these rooms are ordinarily arranged, could not prevent a bystander from handing him a slip of paper, or from speaking to him, and if we were to hold that such a communication, without reference to its character, and without misconduct on the part of the juror, would be ground

for setting aside a verdict, on the theory that the juror's attention had been distracted, it would be easy for the friends of the prisoner, in almost every criminal case, to lay sure grounds for a new trial, and thereby defeat the administration of justice.

It is suggested by counsel that the record shows no arraignment. This is an error. The record states in explicit terms that the prisoners were arraigned.

We find no error in the record, and the judgment must be affirmed

*Judgment affirmed.*