## CITY OF SANDWICH
### v.
## BELLE F. DOLAN.

42    53
141s 430
42    53
56    516
42    53
63    174

*Municipal Corporations—Defective Sidewalk—Personal Injuries—Witnesses—Evidence—Instructions.*

1.    Mere contradiction among witnesses as to facts, furnishes no basis for attempting to prove the facts over again by new witnesses.

2.    Neither party to a given suit is bound to maintain the credibility of his witnesses until it is assailed by the opposite party and some attempt made to impeach their credibility; at any stage of the case, if evidence should be offered for no other purpose than to so impeach, the party in interest may support their credibility by additional testimony.

3.    A person is not bound to take a circuitous route to avoid a sidewalk out of repair, where the one he would be obliged to use by doing so, was equally dangerous.

4.    When a plaintiff holding the affirmative of the issue has given all the evidence he proposes to offer in support of the issue, the defendant should then introduce all proof in contradiction of the proof introduced by the plaintiff and establishing matters of defense, and the plaintiff may then rebut affirmative evidence introduced by the defendant.

5.    If new and affirmative matter is introduced in rebuttal, the defendant may meet and overthrow it, but that is the extent of the defendant's right in surrebuttal, and any departure from the rule is matter of indulgence and discretion in the court, not ordinarily subject to review.

6.    The refusal by a plaintiff in a personal injury case during an examination by physicians, to submit to a harmless test which would indicate health or disease, tends to show that the symptoms testified to by him were exaggerated or feigned.

7.  The question whether a person was negligent in going upon a given sidewalk is one of fact for the jury to decide, and any knowledge on his part of its condition should be taken into account in deciding the question.

8.  While instructions alluding directly to a witness have been sustained by courts in certain instances, it is better practice not to direct an instruction against a particular witness or class of witnesses.

[Opinion filed December 7, 1891.]

APPEAL from the Circuit Court of De Kalb County; the Hon. CHARLES KELLUM, Judge, presiding.

Messrs. W. & W. D. BARGE, for appellant.

Messrs. C. A. BISHOP and SAMUEL ALSCHULER, for appellee.

CARTWRIGHT, J.  This case has been before this court and the Supreme Court on former appeals by the present appellant, and is reported in 34 Ill. App. 199, and 133 Ill. 177. The case has been again tried in the Circuit Court, resulting in a somewhat increased verdict for appellee in the sum of $3,000.  That the sidewalk upon which the accident occurred was, and for a long time had been, out of repair and in very bad condition is not denied, but is admitted by appellant; nor is it denied that the accident of appellee, falling upon it by reason of its defective condition, occurred as claimed by her; but it is contended on the part of appellant that the jury were not justified in finding that the injuries complained of resulted from the fall, nor that appellee was in the exercise of ordinary care, and that the court erred in refusing to admit certain evidence offered by appellant and in giving and refusing instructions.  The circumstances under which the accident happened are detailed in the former opinion of this court, and need not be repeated here.  The facts proven upon the retrial appear to be substantially the same as stated in that opinion, except that the health and bodily condition of appellee was shown to be worse than at the time of the first trial. The record shows some contradiction among the doctors as to whether the eighth rib was broken at the time of the fall or at a subsequent time, and those testifying for appellant say that

Sandwich v. Dolan.

the twelfth rib was not broken, but that where there was a bunch on the side of appellee, the attaching cartilage from the ninth rib, several inches in length, was broken or torn, which fact they do not regard as of much consequence. A consideration of all the evidence on those subjects satisfies us that the injuries to appellee resulted from the fall, and that injurious consequences, permanent and progressive in their nature, have already taken place and are to be reasonably apprehended in the future. With respect to the question of the degree of care exercised by appellee, the evidence shows that in the manner of using the walk she exercised ordinary care, and that the accident resulted from no act or omission on her part, but from her son stepping on a board which flew up in front of her and tripped her so that she fell; and the main contention of appellant is, that she was negligent in using the walk at all. Considering this proposition as a question of fact, it appears that this walk was the direct route from the Congregational Church, where appellee had been, to her home, where she was going; that it was an ordinary walk, and its infirmity consisted in loose boards on account of decayed stringers; that she was accustomed to travel upon it frequently; that it was used by the public without notice or prohibition by appellant; that it was not palpably dangerous to use it at all, and that so far as appears, the previous use of the walk in its existing condition had been without accident.

There was some evidence that a portion of the walk on the opposite side of the street, which it is said she should have used, was in about the same condition as this. She was certainly not obliged to take a more circuitous route if she thereby would encounter equal danger. We think that she was not negligent in exercising her undoubted right to the use of the walk in going to her home.

Upon the trial appellant called as a witness Harold M. Moyer, a doctor, who testified that he examined appellee at the instance of appellant to ascertain the existence or nonexistence of injuries claimed to exist, and their extent. The object and purport of his testimony was to show, so far as nervous, spinal and muscular symptoms of injury were concerned, that she was exaggerating or feigning. He testified that such

was his belief as to symptoms relative to the spine, and that he examined the spine and muscles and measured the arms. He thought she did not experience the symptoms which she stated. He further stated that he wanted to examine the muscles with a battery, but that she objected to it. He gave as a reason for wanting to make such a test, that the battery would show the amount of electricity required to produce contraction of a muscle and would show, apart from any statement of the patient, indications of health or disease. Appellant afterward examined as a witness G. W. Nesbit, another doctor who was present and assisted at Moyer's examination of appellee, but no testimony was elicited from Nesbit about any proposal to examine appellee with a battery or any refusal on her part. After appellant had completed its defense Mrs. M. P. Johnson, Dr. Bryant, James Dolan and appellee, all of whom were present at the examination by Moyer, testified in rebuttal that Moyer did not propose to examine appellee with a battery and that she did not refuse to permit such an examination. After the evidence in rebuttal appellant recalled Dr. Nesbit and proposed to have him testify that Dr. Moyer had a battery there and that appellee said that he could not use it on her. On objection this was not permitted and it is insisted that this was error. The well settled rule of practice is, that when a plaintiff holding the affirmative of the issue, as in this case, has given all the evidence he proposes to offer in support of the issue, the defendant shall then introduce all proof in contradiction of the proof adduced by the plaintiff and establishing matters of defense, and the plaintiff may then rebut affirmative evidence introduced by defendant. If new and affirmative matter is introduced in rebuttal, the defendant may meet and overthrow it, but that is the extent of defendant's right in surrebuttal, and any departure from the rule is matter of indulgence and discretion in the court, not ordinarily subject to review. After the defendant is fully apprised by plaintiff's evidence of the ground upon which a recovery is to be had if at all, it is the plain duty of the defendant to meet the case made by whatever proof he may have and intend to use. Thompson on Trials, Secs. 344-347. It is true that neither party is bound to maintain

the credibility of his witnesses until it is assailed by the opposite party and some attempt made to impeach their credibility; and so at any stage of the case, if evidence should be offered for no other purpose than to impeach their credibility, the party in interest may support their credibility by additional testimony. In the case of Wade v. Thayer, 40 Cal. 578, witnesses testified that several persons who had testified to an occurrence were not present at the time of the occurrence. This was not testimony as to any fact material to the issue, but was manifestly offered only to impeach witnesses by showing that their testimony was manufactured.

The court say: "The evidence on behalf of the plaintiff to the effect that these witnesses of the defendants were not present, could have been offered for no other purpose than to impeach their credibility, and was competent for this purpose." It is a well-settled rule that a party whose witnesses are sought to be impeached by proof of this character may support their credibility by rebutting evidence, and it was held that defendants had a right to show that the witnesses were present. In the case of Richardson v. Lessees of Stewart, 4 Brim. 197, evidence tending to show an interest of a witness in the subject-matter of a suit was offered, and could have been for no other purpose except to affect his credibility. He had testified that he had no interest, and the court say that the evidence was an attack on his character and that the party had a right to introduce a deed showing that he parted with his interest before he testified. In the present case appellee introduced her evidence of the nature and extent of her injuries. If appellant claimed that she exaggerated or feigned the symptoms which she manifested and related, it was important and substantial matter of defense. If she had refused to submit to an examination which would disclose the truth it would tend to show that the symptoms were exaggerated or feigned. Appellant had no right to present that defense by piecemeal. The evidence rebutting the testimony of Dr. Moyer as to the material fact was not impeaching evidence in any sense and did not tend to discredit him in any different manner than that in which any contradiction discredits a witness. Mere contradiction among witnesses as to

facts, furnishes no basis for attempting to prove the fact over again by new witnesses.  If upon each contradiction a party would be entitled to produce a new witness there would be practically no limit to their production.  Nor was there any element of surprise in the production of the rebutting testimony.  When appellant was introducing testimony so damaging to appellee as that of Dr. Moyer, it would necessarily be anticipated that appellee would meet and contradict it if in her power to do so, and the presence of the other witnesses at that examination who could testify as to what occurred there was well known.  There was no error in the exclusion of the offered evidence.  Its admission at that time rested in the discretion of the court.

The court refused two instructions prepared by appellant's counsel, both of which declared that if the evidence showed the sidewalk to be unsafe and that appellee knew it to be unsafe then in was her duty to keep off the sidewalk and not go upon it.  These instructions were clearly not in accordance with the law.  The question whether appellee was negligent in going upon this walk was one of fact for the jury, and any knowledge on her part of its condition was to be taken into account in deciding that question, but the question itself was for the jury.  The court at the instance of appellant gave several instructions presenting in varying language the question upon the evidence whether she was in the exercise of reasonable care and caution in going upon and using the sidewalk, and these were correct.  In City of Flora v. Nancy, 26 N. E. Rep. 645, error was assigned, upon the refusal of an instruction stating that the plaintiff would be precluded from a recovery if she went upon the sidewalk or continued to walk thereon after she had observed that it was out of repair.  The court say : " But if the plaintiff knew that the sidewalk was out of repair the law did not require her 'to go out into the street and pass around the walk.  Although a person goes upon a sidewalk knowing it to be out of repair, recovery may be had for an injury received, if ordinary and reasonable care has been used."  It was held not error to refuse the instruction.  When the present case was before the Supreme Court it was said : " Whether it was obligatory on plaintiff to travel

Sandwich v. Dolan.

over one walk or the other, was a question which it was not the province of the court to determine as a matter of law." City of Sandwich v. Dolan, 133 Ill. 177.

It is insisted that the court erred in giving an instruction prepared by appellee as follows: "If the jury believe from the evidence that any witness has wilfully sworn falsely on this trial, as to any matter or thing material to the issues in the case, then the jury are at liberty to disregard the entire testimony of such witness except in so far as it has been corroborated by other credible evidence or by facts and circumstances proved on the trial." The objections made to this instruction are, first, that the jury would understand it to apply to the witnesses for defendant only, and that it was therefore erroneous as only applying to the witnesses on one side and as an intimation that in the judgment of the court they were more to be suspected than those on the other side, and second, because it did not mention the name of any witness or witnesses. The instruction is not subject to the first objection. It has no more application to the witnesses for one party than the other and could not be drawn in more general terms. The second objection is not tenable. While instructions alluding directly to a witness have been sustained, the better practice is doubtless not to direct such an instruction against a particular witness or class of witnesses. Phenix Ins. Co. v. La Pointe 118 Ill. 384; Thompson on Trials, Sec. 2421.

The jury might readily understand that in the judgment of the court there was something in the testimony of the witness or witnesses named upon which to base the instruction and to make the general rule peculiarly applicable to such witness or witnesses as distinguished from the others. It is certainly not an objection that the court has failed to make such direct application of the rule to some witness or witnesses. In Martin v. People, 54 Ill. 225, it is said: "A court can hardly err in refusing to give any instruction which seems designed to influence a jury as to the credit to be given to particular witnesses." Some other minor objections are made to the language of instructions given, but we think the instructions were properly given. The judgment will be affirmed.

*Judgment affirmed.*