ATCHISON, TOPEKA & SANTA FE RAILROAD COMPANY

v.

MARGARET E. FEEHAN, ADMINISTRATRIX.

*Railroads — Negligence — Personal Injuries — Crossings —Signals— Excessive Rate of Speed—Ordinance.*

1. In an action brought to recover from a railroad company for the death of a person alleged to have been occasioned through its negligence, this court holds that although the third count of the declaration filed, charging generally that the train was run at a " great and unlawful rate of speed," in contravention of a municipal ordinance, was subject to demurrer, that it was nevertheless sufficient to show that the plaintiff relied as a ground of recovery upon an ordinance, and the running of the train at greater speed than allowed thereby, whereby such death was occasioned; the fact being that the section of the ordinance was set out in full in the count, and issue having been taken on the charges made as a basis of liability, plaintiff had a right to prove them.

2. It is proper in such case to exclude the testimony of a witness at the coroner's inquest, he testifying differently upon trial, and admitting and explaining his action, no statement claimed to have been made before such jury, and not admitted by him, being in conflict with his testimony as given on the trial.

3. The issues in the case presented involving the question of care on the part of the deceased, evidence of the location of an elevator, box car, stock yards, coal shed and corn crib, on the railroad grounds, affecting the view of the train approaching the crossing, was admissible upon that issue as descriptive of the place where the accident occurred, to en-

able the jury to determine whether he did, or could, see the approaching train.

4. A court has no right to instruct the jury in a given case as to what they may regard as the better testimony.

5. This court will not consider an objection to an instruction raised for the first time in the reply brief of an appellant.

6. The fact being established in the case presented that the defendant at the time of the accident was violating the ordinance by running at an excessive speed, the presumption was that the killing arose through such negligence, there being nothing to show that the accident would have happened in case the train had been run in obedience to the ordinance, or that it was due to some other cause than the negligence of defendant in that regard.

[Opinion filed May 25, 1893.]

APPEAL from the Circuit Court of Grundy County; the Hon. CHARLES BLANCHARD, Judge, presiding.

Messrs. EDGAR A. BANCROFT and S. C. STOUGH, for appellant.

Messrs. E. L. CLOVER and GEORGE W. W. BLAKE, for appellee.

MR. JUSTICE CARTWRIGHT. Appellee, as administratrix of the estate of her deceased husband, Edward Feehan, brought this suit against appellant to recover damages for the killing, by a train of appellant, of said Edward Feehan, while driving a team across the railroad at the crossing of a street in the village of Kinsman.

The declaration contained six counts. The first count charged negligence and improper conduct generally in driving and managing the engine and train. The second alleged a failure to give the statutory signal in approaching the crossing. The third charged that the engine and cars were run at a great and unlawful rate of speed within the limits of said village of Kinsman, in consequence of which said Edward Feehan was struck and killed; that said village was incorporated; that section one of the ordinance of said village entitled " An ordinance regulating the speed of cars or locomotives upon a railroad," was as follows:

"Sec. 1. That no locomotive engine attached to any railroad passenger-car shall be driven, propelled or run upon or along any railroad track within the village of Kinsman at a greater speed than ten miles per hour; nor shall any locomotive engine attached to any freight car be driven, propelled or run upon or along any railroad track within said village at a greater speed than ten miles per hour." And that the said injury was occasioned by reason of the negligence of the defendant in running its said locomotive engine and train of cars at a greater rate of speed than allowed by the said ordinance of said village. The fourth count charged negligence in failing to ring any bell, as required by section five of said ordinance. The fifth was a consolidation of the third and fourth. The sixth alleged the existence of obstructions to the view, but contained no allegation of negligence or any charge against the defendant, and stated no cause of action.

A plea of not guilty was interposed and a trial was had on the issues so made. The court held on the trial that section five of the ordinance was unreasonable and therefore void; and the charges in the fourth and fifth counts based on that section were thereby eliminated from the controversy and are not now in question. The trial resulted in a verdict for plaintiff for $3,000. Motions for a new trial and in arrest of judgment having been made and overruled, judgment was entered.

It was proven on the trial that the train was running through the village, at the time of the accident, at the rate of twenty-five to thirty miles per hour. In order to prove section one of the ordinance on that subject, plaintiff offered the same in evidence as contained in a book admitted to be the ordinances of the village of Kinsman, and which was the same ordinance set out in the declaration, as above stated. Defendant objected to its introduction, as follows : " Because it is not pleaded that it was in force at the time of the accident, nor that the speed was faster than permitted, nor that the accident resulted in consequence of the speed." The objection was overruled, and this ruling is complained of.

The third count, although perhaps subject to demurrer, was nevertheless sufficient to show that plaintiff relied as a ground of recovery upon an ordinance of the village of Kinsman and the running of the train at an unlawful rate of speed greater than allowed by such ordinance, whereby the killing of Edward Feehan was occasioned. It has been held by the Supreme Court that a plea of the general issue is an admission in law upon the record of the sufficiency of the respective counts to which it is pleaded. C. & N. W. Ry. Co. v. Goebel, 119 Ill. 515. At any rate the defendant was notified by the count of the grounds relied upon for a recovery, and they constituted a good cause of action although somewhat defectively stated. The section was set out in full in the count, and issue having been taken on the charges made as a basis of liability, plaintiff had a right to prove them. L. S. & M. S. Ry. Co. v. O'Conner, 115 Ill. 254.

Barney McMiniman, a witness who testified at the coroner's inquest, also testified on the trial of this case, and it is assigned as error that the court excluded his testimony taken by the coroner when offered by defendant to show differences in his testimony on the two occasions. The witness when interrogated as to those matters, admitted that he testified differently before the coroner as to seeing Feehan, and offered his explanation of the reason. He admitted making some other statements claimed to have been made before the coroner's jury, and no statement claimed to have been so made and not admitted by him was in conflict with his testimony as given on the trial. The offered evidence was therefore not impeaching and was rightly excluded.

It is objected that the court admitted evidence of the location of an elevator, box car, stock yards, coal shed and corn crib on the railroad grounds, affecting the view of the train approaching the crossing. It is claimed that there is no allegation of the declaration under which they were admissible. The issues involved the question of care on the part of the deceased and the evidence was admissible upon that issue as descriptive of the place where

the accident occurred to enable the jury to determine whether he did or could see the approaching train.

It is also urged that the court erred in giving and refusing instructions. Under this head it is complained that the court gave the first instruction for plaintiff, which only required the exercise of care on the part of deceased at the time he was killed, and refused defendant's eighth, tenth, eleventh and twentieth, which required the exercise of care and caution on his part in approaching the crossing. The first instruction for plaintiff might possibly be understood as claimed, but the court explained the rule fully to the jury in instructions given at the instance of defendant. By the twenty-fourth the jury were told that there could be no recovery unless the deceased at the time of the collision and immediately preceding it was using reasonable care and caution. The twenty-sixth stated "that it was the duty of the deceased, on approaching the railroad in question, and before attempting to cross it, to look and listen for approaching trains, and adopt all other means to avoid a collision that a reasonably cautious and prudent person, under such circumstances, would have adopted."

The twenty-seventh laid down as a rule, that although the statutory signals were not given, and the rate of speed was in violation of the ordinance, and the view of the approaching train was partially or wholly obscured, yet there could be no recovery if deceased approached the crossing in a way and manner and under circumstances that a reasonably prudent and cautious man would not and should not have done, unless the injury was wanton or wilful.

The twenty-eighth told the jury that the fact that the train was behind schedule time would not exonerate the deceased from using reasonable care and caution while approaching the railroad. In view of these instructions it does not seem possible that the jury could have been ignorant of the requirement therein stated that deceased was bound to exercise care in approaching the crossing, or that defendant suffered injury from a failure to give four additional instructions that such was the rule.

The court refused to instruct the jury in substance and

effect that greater weight and force was to be given to the testimony of the witnesses on the defendant's side of the question of the ringing of a bell and sounding of a whistle than on the other side. The court has no right to say what the jury may regard as the better testimony. It would have been wrong to give the instruction. C. & A. R. R. Co. v. Robinson, 106 Ill. 142; Martin v. People, 54 Ill. 225.

Appellant in the reply brief raises for the first time an objection to plaintiff's second instruction. The point need not be noticed for that reason, but the instruction is in accordance with the rules declared by the Supreme Court on the subject of comparative negligence.

It was proven and not denied that defendant was violating the ordinance at the time of the accident. That fact being established, the presumption was created by virtue of section 24 of an act in relation to fencing and operating railroads, in force July 1, 1874, that the killing of deceased was done by the negligence of defendant. Chap. 114, R. S., Par. 87. It was for the defendant to rebut that presumption, and this, we think, was not done. There was nothing to show that the accident would have happened in case the train had been run in obedience to the ordinance, or that it was due to some other cause than the negligence of defendant in that regard.

The remaining question of fact relates to the degree of care exercised by the deceased, and it is strenuously insisted that he was not in the exercise of ordinary care for his own safety. He lived in Kinsman and was employed to drive about the country and gather cream and deliver groceries. He hitched his team that morning, August 24, 1891, to the wagon which he used, which was covered on the top and sides, and drove toward the depot to get cream cans before starting to gather cream. The seat was near the front with just room to get out and in between it and the dashboard, and the cover extended forward to the middle of the seat or about that far. It had been a damp and foggy night and was raining a little. There were two trains of defendant which passed that station in the morning—the vestibule train which usually passed first and did not stop, and the accom-

modation, which was due later and stopped there. On this morning, the accommodation train had passed and the vestibule train which usually passed first was thirteen minutes late and was running at a rapid rate. As Feehan approached the tracks the view was obstructed in the vicinity of the tracks by the obstructions above mentioned until he was quite near. The team was walking and was almost on the track before it was seen by any witness. Barney McMiniman and the engineer were the only witnesses who saw the team before it was struck. McMiniman was easterly from the crossing and testified at the inquest that he saw the team, but did not see Feehan. On this trial he said that he saw the back of Feehan's head, and if that was true, Feehan's face was turned toward the train. The credibility of that witness was for the consideration of the jury. They saw him and heard him testify, and might properly conclude that his later statement was true, and that his statement before the coroner's jury was due to his confusion, as he asserted that it was. The testimony of the engineer tends to prove that Feehan could not see the train if his face was turned toward it, for he testified that he could not see the team until after it passed the cattle guard coming across the side track and when practically on the track.

The preponderance of the evidence was that the bell was ringing, but McMiniman, who was near by, testified that he did not hear it, and we would not feel authorized to disturb a finding of the jury that Feehan could not hear it. We are not able to say that the jury were wrong in their conclusion that the deceased exercised ordinary care.

There was a motion in arrest of judgment as a test of the sufficiency of the declaration to support a judgment. There were good counts in the declaration, and so far as the ordinance was counted on, the declaration was good after verdict. The motion in arrest was properly overruled. The judgment will be affirmed.

*Judgment affirmed.*