## Illinois Central Railroad Company v. Frank Harris.

1. PRACTICE—*Evidence in Chief—On Rebuttal.*—The question of the admissibility of evidence in chief upon rebuttal can not be raised where such evidence was admitted without objection upon the ground of its being evidence in chief.

2. EVIDENCE—*What is Proper on Rebuttal.*—When the defendant undertook to show that the plaintiff was guilty of negligence because a coupling might have been made more safely in another manner, it is proper for the plaintiff to meet this evidence by showing in rebuttal that the coupling was ordinarily and properly made as the plaintiff made it.

3. REBUTTAL—*Evidence in—Discretionary with the Court.*—The admission or exclusion of evidence in rebuttal is a matter resting in the discretion of the trial court, the exercise of which is not subject to review except in cases of gross abuse.

4. INSTRUCTIONS—*When a Party can not Object.*—When a party asks for, and has given in his behalf, instructions upon a certain theory of the case, he can not for that reason successfully urge that the giving of instructions for his adversary upon the same theory is erroneous.

5. PLEADING—*Absence of Allegations as to Fellow-Servants.*—In a suit against a corporation, the allegation that the corporation itself negligently did the acts complained of, excludes *ex vi termini* the theory

that the acts were committed by parties for whom the corporation was not responsible.

6. DAMAGES—*$8,000 Not Excessive.*—The amount of damages for which a recovery may be allowed depends on the circumstances of the case, and is not a matter of exact mathematical calculation. In this case, for the loss of a hand, $8,000 was held not to be excessive.

**Trespass on the Case,** for personal injury. Appeal from the Circuit Court of Jackson County; the Hon. OLIVER A. HARKER, Judge, presiding. Heard in this court at the August term, 1895. Affirmed. Opinion filed March 7, 1896.

W. W. BARR and WILLIAM H. GREEN, attorneys for appellant.

WILLIAM A. SCHWARTZ, attorney for appellee.

MR. JUSTICE SCOFIELD DELIVERED THE OPINION OF THE COURT.

Upon the trial of this case, after appellee had introduced evidence to show appellant's negligence, the manner in which the injury was received, and the extent of the injury, appellant introduced evidence to show that it was negligence for appellee, in coupling double buffer cars, to put his hand in horizontally between the buffers, and that the only safe way of making such a coupling was to take hold of the link by putting the hand and arm underneath the buffer. Appellee had proved in chief, by general evidence only, that he was in the exercise of ordinary care at the time when he was hurt. In rebuttal he was permitted to call a number of brakemen to show that it was proper and safe to make the coupling by putting the hand in horizontally when the cars were moving as slowly as they were in this instance. It is said that this evidence was not admissible in rebuttal.

No objection whatever was made to the testimony of Livsay, Reader, Gosley and Hamilton, four of the witnesses who testified on this question in rebuttal. The only objection to the testimony of Ross was to a question which was not answered; and the objection to the testimony of the other six witnesses was a general objection, made either before

the witness had begun or after he had finished his testimony. No question answered by any of these witnesses was objected to after it had been propounded and before it was answered. Hence, the question as to whether or not this evidence was admissible in rebuttal is not properly before us.

But, on the merits of the question we are of the opinion that the evidence should have been admitted. Appellant undertook to show that appellee was guilty of negligence because the coupling might have been made more safely in another manner. It was proper for appellee to meet this evidence by showing that the coupling was ordinarily and properly made as appellee made it.

But the law is well settled that the admission or exclusion of evidence in rebuttal is a matter resting in the discretion of the trial court, the exercise of which discretion is not subject to review, except in cases of gross abuse. 1 Thompson on Trials, Sec. 346; City of Sandwich v. Dolan, 42 Ill. App. 53; Gray v. Bonfield, 59 Id. 381.

Complaint is made of the ruling of the court in giving appellee's third instruction, which is as follows:

"If you believe from the evidence that the defendant did not use reasonable care in providing cars with sound coupling appliances, but used two cars with split and slivered drawbars and drawheads, and that the plaintiff, while attempting to make a coupling between the two cars, was injured by reason of a defective drawbar or drawhead attached to said cars, and further believe from the evidence that the plaintiff, in attempting to make such coupling, used reasonable care and caution for his personal safety, you should find defendant guilty."

The manner of the accident, as charged in the first and second counts of the declaration, was that appellee's glove became fastened on the broken, slivered, split and unsafe drawbar, or face of the drawbar, so that he could not withdraw his hand in time to avoid the injury. This allegation, in effect, is also found in the third count, but coupled there with the additional allegation that the drawbar was without sufficient fillers, which allowed the buffers to strike against the car, whereby appellee's hand and wrist were crushed.

It may be that the foregoing instruction is couched in terms less specific than the allegations of the declaration. But the question is not to what extent the instructions might be improved upon by careful consideration after the heat of the conflict, but to what extent was the consideration of the case by the jury improperly affected by the oversight complained of.

The court instructed the jury, at the instance of each party, that it was incumbent on appellee to prove every material allegation of the declaration, or of some count thereof, by a preponderance of the evidence, before he could recover. Immediately following one of these instructions was the instruction above quoted. Naturally enough, the two instructions, on account of their juxtaposition, would be read and considered together, and the third instruction would be regarded as applicable only to the case stated in the declaration.

Besides, the sixth and eleventh instructions given at the request of appellant were based upon the same theory as appellee's third instruction, and appellant can not for that reason successfully urge that the giving of the latter was error. Consolidated Coal Co. v. Haenni, 146 Ill. 614, and cases therein cited, and C. & A. R. R. Co. v. Sanders, 154 Id. 531.

The court gave all of appellant's instructions, and none but appellee's third instruction is complained of; and that did not mislead the jury, for the case was tried throughout upon the theory that unless appellee's glove was caught and held by the slivers of the drawbar, there could be no recovery.

Appellant seems to feel aggrieved because surgeons and others were permitted to testify with reference to appellee's wounded hand and wrist, when the necessity for amputation was conceded, and also because the hand, preserved in a jar of alcohol, was exhibited to the jury. No objection was made to the exhibition of this reminiscence of the past, and the concession that amputation was necessary was made after the evidence on that subject had been given.

It is said that the motion in arrest of judgment should
have been sustained on the ground that the declaration does
not aver that the servants of appellant, who were responsible
for the alleged unsafe condition of the cars, were not appel-
lee's fellow-servants. The allegation that the defendant,
that is, the corporation itself, negligently did the acts com-
plained of, excludes, *ex vi termini*, the theory that the acts
were performed by parties for whose conduct the defendant
was not responsible. Libby, McNeill & Libby v. Scher-
mann, 146 Ill. 540.

We come now to the consideration of the questions upon
which counsel for appellant seems to rely most confidently
for the reversal of the judgment; that is to say, that appel-
lee was guilty of such negligence as precludes a recovery,
and that appellant was not guilty of such negligence as
creates a liability.

Fortunately we are not under the necessity at this time
of making a detailed statement of the facts disclosed by this
record. This case was before us at the February term, 1894,
and the opinion published in 53 Ill. App. 592, with a few
changes and emendations, may be adopted as a sufficiently
accurate statement of the facts developed on the trial now
under review. In that opinion it is said that the "uniform
testimony of brakemen is that it is dangerous to project the
arm straight through to the drawheads" in coupling these
double buffer cars; also that many witnesses called by appel-
lant testified that this could not be done with the hope of
escaping injury. These remarks were undoubtedly perti-
nent in view of the record then before the court. But there
is sufficient evidence in the present record to justify a jury
in finding that the method of coupling adopted in this case
was safe, proper and customary, considering the speed of
the cars and the other circumstances of the case, and that
no injury would have resulted to appellee if appellant had
used reasonable diligence to keep the drawbars of the cars
in a reasonably safe condition.

Eleven witnesses besides appellee testify in effect that the
proper way of making this coupling was to put the hand

between the buffers, enter the link, and then withdraw the hand. We can not say that the jury were not justified in believing these men, all of whom had had experience in coupling double buffer cars.

There is sufficient evidence to justify a finding that the drawbar had been in an unsafe condition for some time before the injury and that appellant, by the exercise of reasonable diligence, ought to have known the fact. Parker, Lindsay, Smith, Hill and Tate testified that the split in the drawbar was an " old break," and others testified that it was rusty.

Burns, a brakeman on the train, saw the car at Centralia before the train left for Ashley, where appellee was injured, and says that the brake was an old one; that the edges of the broken parts were rough, and had slivers on them; that the draw-bar was unsafe; that appellee did not assist in making up the train, and that appellant had a car inspector and machine shops at Centralia. If the jury believed the testimony of these witnesses, the negligence of appellant was established notwithstanding appellant's opposing testimony.

The last point which we consider worthy of notice is the affirmation that the damages are excessive. One case referred to under this head is I. C. R. R. Co. v. Welch, 52 Ill. 185, in which a judgment for $10,000 for the loss of the left arm was held to be excessive. This view of the matter was based upon a comparison of the injured man's income as a brakeman, which was $480 per annum, with the income derivable from the judgment, which would have been ten per cent of $10,000. Without desiring to sanction this method of estimating the damages, we are nevertheless willing to apply the rule to this particular case; $8,000 at seven per cent interest, the highest rate now allowed by law, would yield an annual income of $560. When appellee was hurt, he was earning from $65 to $70 a month, or from $780 to $840 a year, as a brakeman. But after appellee settles with his attorney for two trials in the Circuit Court, two appeals to this court, and one to the Supreme Court, and pays the costs in

the first appeal to this court, and for his briefs in the other appeals, and adjusts the incidental expenses attendant upon the luxury of litigation, the income-producing part of his judgment will not be $8,000 by several ducats.  If his income from money loaned should be half as much as he could have made as a brakeman with the two good hands God gave him, he may think himself fortunate.

It would be a useless task to undertake to reconcile all of the cases on the question of excessive damages.  The amount of damages for which a recovery may be allowed depends on the circumstances of the case and is not a matter of exact mathematical calculation.  Chicago City Ry. Co. v. Wilcox, 33 Ill. App. 450, may be referred to, where a judgment for $15,000 for the loss of a leg was sustained, as may also C. & A. R. R. Co. v. Pillsbury, 123 Ill. 9, where a judgment for $12,500 was not disapproved of, although the injury did not extend to the loss of a limb.  Upon a consideration of the circumstances, we do not regard the judgment in this case as excessive.

The judgment is affirmed.