## Illinois Central R. R. Co. v. Mary Eicher, Adm'x, etc.

1. RAILROADS—*When One Walking Between Tracks is Not a Trespasser.*—Where a railroad company suffers a strip between two parallel tracks to become and be in general use as a walk or way, one walking thereon, while he may be there by mere permission, is in no sense a trespasser.

2. SAME—*Guilty of Negligence per se When Running at Prohibited Rate of Speed.*—The act of a railroad company in running its train at a rate of speed prohibited by an ordinance, is negligence *per se,* and such negligence is *prima facie* presumed to have caused the death of one struck by the train.

3. NEGLIGENCE—*When so Gross as to Amount to Willful and Wanton Disregard of Human Life.*—The running of a train through a city or village at a rate of speed prohibited by ordinance, may be and often is negligence so gross as to amount to a reckless, willful and wanton disregard of life.

**Trespass on the Case.**—Death from negligence. Appeal from the Circuit Court of Jackson County; the Hon. JOSEPH P. ROBARTS, Judge, presiding. Heard in this court at the August term, 1901. Affirmed. Opinion filed March 3, 1902.

WILLIAM H. GREEN, attorney for appellant; J. M. DICKINSON, of counsel.

WILLIAM A. SCHWARTZ and ANDREW S. CALDWELL, attorneys for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was an action on the case in the Circuit Court of Jackson County, by appellee as administratrix of the estate of Ben Eicher, deceased, against appellant to recover damages for causing the death of appellee's intestate. Trial was by jury. Verdict and judgment in favor of appellee for $2,500.

The declaration consists of two counts. The first charges negligence in the management and operation of appellant's train, and the second charges that appellant was running its train in violation of the speed ordinance of the city of Carbondale.

For a distance of near one-half mile within the corporate limits of the city of Carbondale, commencing at the public square, appellant had in use two railroad tracks running parallel — a double track. The space between these two tracks was about ten feet. This space was a level, smooth slag-and-cinder walk or way. It was not a part of any public street, but was, and for a great many years had been in general use by the public. This walk or way led to appellant's passenger depot and to the public square, and appellant knew of the public use made of it and acquiesced in such use.

On the occasion of the injury, appellee's intestate was walking along this walk coming toward the public square. Appellant's passenger train was approaching, on one of the tracks, from the same direction as deceased. The train was running at a speed of fifteen miles an hour. It was about noon, the day was clear, and there was no obstruction to the view from either direction. The engineer in charge of the engine knew that this walk was in general use by the public; knew that there were " constantly people along the road there;" saw deceased when half a mile away; saw him almost continuously as his train approached, and must have seen, as most of the other observers did, that deceased was apparently wholly unconscious of the approaching train. As the train approached nearer to deceased no special warning was given, nor was the unlawful speed of the train in the least slackened, and deceased was struck in the back by the end of the pilot-beam, and killed. Deceased was not at any time on the track, but was near enough to it to be struck by the pilot-beam, which extended out over the track eighteen inches. As the train approached, deceased was either walking closer to the track than the engineer thought, or, more probably, as tes-

tified to by one or more of the witnesses, " veered " over nearer to it, after the head of the engine had cut off the engineer's view, which occurred when within about 125 feet of him.

The only grounds urged by appellant's counsel for reversal are : 1. That deceased was on appellant's premises " by mere permission, and was not exercising ordinary care." 2. That " appellant's employes, who were operating the train that struck deceased, were not guilty of negligence."

It is at least a proper inference from the evidence that appellant owned the strip of ground between the two parallel lines of railroad track upon which deceased was walking, but it had suffered the same to become and be in general use by the public as a walk or way. While it may be that deceased was there by mere permission, he was in no sense a trespasser. And while it is true that as to the accommodations for travel and danger incident to the fixed surroundings appellant owed deceased no duty, yet as to the active and unstable surroundings directly put in motion by appellant, it did owe him some duty—a duty reasonably commensurate with the apparent danger.

The question of whether deceased was exercising ordinary care was a question of fact for the jury. It can not be contended that the mere act of walking along that public traveled way was a failure to exercise ordinary care, for it was not in violation of any law, nor was it a trespass; and the evidence conclusively proves that such was the ordinary conduct of the inhabitants of the city of Carbondale and vicinity. It is clear from the evidence that deceased neither saw nor heard the approaching train, and that no effort was made by those in charge of the train to attract his attention. We do not feel warranted in holding that failure to see or hear the train under such circumstances, takes the question as to due care out of the domain of fact, and makes it a question of law.

As to the question of negligence on the part of appellant, it is admitted that the train was being run within the

corporate limits of the city of Carbondale at a rate of fifteen miles an hour, in violation of an ordinance of that city limiting the speed of such trains to ten miles. Sec. 87, Chap. 114 of the Statute provides:

"Whenever any railroad corporation shall, by itself or agents, run any train, locomotive engine or car at a greater rate of speed in or through the incorporated limits of any city, town or village, than is permitted by any ordinance of such city, town or village, such corporation shall be liable to the person aggrieved for all damages done the person or property by such train, locomotive engine or car; and the same shall be presumed to have been done by the negligence of said corporation or their agents." *  *  *

The act of appellant in running its train at the prohibited speed was negligence *per se*, and such negligence is *prima facie* presumed to have caused the death of deceased. In A. T. & S. F. R. R. Co. v. Feehan, 47 Ill. App. 66, opinion by Mr. Justice Cartwright, now one of the justices of our Supreme Court, in a case to recover for a death, as here, the court says:

"It was proven and not denied, that defendant was violating the ordinance at the time of the accident. That fact being established, the presumption was created by virtue of Sec. 87, Chap. 114, R. S., that the killing of deceased was done by the negligence of defendant. It was for defendant to rebut that presumption, and this, we think, was not done. There was nothing to show that the accident would have happened in case the train had been run in obedience to the ordinance, or that it was due to some other cause than the negligence of defendant in that regard."

And so we might say in the case before us, and not discuss it further; but there is another feature of the case worthy of some consideration.

The state of this record, we think, relieves us from any duty to draw very nice distinctions as to what was, in either law or fact, due care on the part of deceased for his own safety, and also as to what the exact legal duty of appellant toward the deceased as a mere licensee on its premises was. Appellant's counsel tried the case in the Circuit Court on the theory that deceased was a trespasser, and that to warrant a recovery the evidence must prove wan-

tonness or willfulness on the part of appellant. The Circuit Court agreed with counsel in this theory of the case, and at counsel's instance and request instructed the jury over and over again that if deceased was walking on the right of way of the railroad company, then he was a trespasser, and there could be no recovery unless such negligence is proven as amounts to wantonness or willfulness. One of the forms in which it was put to the jury is:

" He (she) can not recover unless it is shown that the agents of the defendant in charge of the train striking him, deliberately and wantonly, after they knew of his presence in the place of danger, ran the train against him; that merely negligently doing so, is not enough; that it must be deliberately and wantonly done, before he (she) can recover."

Appellant's counsel presented this issue of fact directly to the jury upon the evidence before them, and the jury resolved the issue against appellant, and were warranted in doing so. The running of a train through a city or village at a rate of speed prohibited by ordinance, may be, and often is, negligence so gross as to amount to a reckless, willful and wanton disregard of human life. C. B. & Q. R. R. v. Johnson, 53 Ill. App. 478. In that case the court says :

" The argument that the engineer had a right to * * * assume that no one would get on the track before him would always excuse every similar act by which the safety of the public might be imperiled. It amounts to saying that if everybody else exercises the highest degree of care the engineer need not exercise any. An engineer may safely assume that any one will get out of his way, if possible, rather than be killed, and that no one will intentionally court death by remaining on the track and disputing the passage with him, but in view of the probability of such accidents as this * * * such an assumption can afford no excuse."

The judgment of the Circuit Court is affirmed.